UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-163 |
| | ) | (VARLAN/ GUYTON) |
| ROBERT L. DAIES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the Court on February 5, 2009. This case was to come before the Court on the Defendant's Motion to Suppress [Doc. 13], but the Defendant instead made an oral motion to substitute counsel. Assistant United States Attorney David Lewen was present representing the Government. Attorney Paula Voss ("Attorney Voss") was present representing the Defendant, who was also present.

At the hearing, Attorney Voss made an oral motion to substitute counsel on behalf of the Defendant. Attorney Voss stated that the Defendant informed her prior to the hearing that he lacked confidence in her abilities and wished to have new counsel. Attorney Voss stated that after discussing the matter with the Defendant she believe the attorney-client relationship was irretrievably broken and substitution of counsel was necessary. The Defendant confirmed that he no longer wanted to be represented by Attorney Voss and that the attorney-client relationship was irretrievably

1

broken. The Government had no objection to the Defendant's request for a new attorney. Finally, the Court reminded the Defendant that substitutions of counsel will only be made where good cause has been shown.

A defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985). The Court concludes that good cause exists to allow Attorney Voss to withdraw and to appoint new counsel for the Defendant. The Court finds that the communication between the Defendant and Attorney Voss has completely broken down and that the trust necessary for an adequate defense no longer exists in the attorney-client relationship. Accordingly, the Court finds that the Defendant's request for new counsel is well-taken, and therefore, the motion is **GRANTED**.

Attorney Robert Kurtz ("Attorney Kurtz") was present in the courtroom and agreed to accept representation of the Defendant. The Defendant agreed to the appointment of Attorney Kurtz. The Court substitutes and appoints Attorney Kurtz under the Civil Justice Act (CJA) as counsel of record for the Defendant. Upon substitution, Attorney Voss turned her file on this matter over to Attorney Kurtz. The Court informed Attorney Kurtz of the pretrial conference hearing and trial date set in this matter and instructed Attorney Kurtz to review the previously filed Motion to Suppress [Doc. 13] and to inform the Court and the Government whether this motion would be pursued.

In summary:

1. The Defendant's oral motion to substitute counsel is **GRANTED**. Attorney Voss is relieved of any further responsibility in this case, and Attorney Kurtz is **APPOINTED** as CJA counsel for the Defendant;

2. The pretrial conference remains set for **May 11, 2009, at 11:00 a.m.**;

3. The trial of this case remains set for **May 18, 2009, at 9:00 a.m.** before the Honorable Thomas Varlan, United States District Judge

**IT IS SO ORDERED.**

ENTER:

3